UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JEMIKA JOHNSON )
)
and )
)
ESTATE OF BABY BOY JOHNSON )
)
)
Plaintiff, )
)
v. ) Case no. 1:23-cv-01024
)
RAPPAHANNOCK CREATIVE )
HEALTH CARE, et al. )
)
Defendants. )

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMENDED DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), BY DEFENDANTS PETER C. OBER AND RAPPAHANNOCK CREATIVE HEALTHCARE

COMES NOW, the defendants, Peter Ober and Rappahannock Creative Health Care (RCHC), by counsel, and hereby move this Court to grant their 12(b)(6) Motion to Dismiss the Amended Complaint, and in support thereof state as follows:

**I.  STATEMENT OF PROCEEDINGS.**

Jemika Johnson and "Estate of Baby Boy Johnson" bring this 7 count cause of action for personal injury and wrongful death, alleging that Peter Ober "was the managing partner of RCHC and the signatory of the contract under which RCHC was obligated to perform constitutionally adequate medical care to the detainees being housed at RRJ." Amended Complaint 18-19. RCHC is identified as a general partnership under contract to the RRJA to provide medical care. Plaintiffs' allege that the contract "required RCHC to develop all necessary policies and procedures to ensure

1

that the medical care provided at the Jail complied with the requirements of federal and state law." Am. Comp. 18.

The allegations of the Amended Complaint relate to care that was provided between May 19, 2021 and August 1, 2021. The Complaint in this matter was filed on August 1, 2023. On its face, the claim is barred by the Statute of Limitations.

Plaintiff has asserted 331 paragraphs of conclusory allegations and 7 counts of disparate causes of action that are barred by the statute of limitations, have no basis in law or fact against defendants Ober and RCHC, and violate Rule 8 of the Federal Rules of Civil Procedure. Counts 1 through 6 are based upon Federal law, and Count 7 is a state based Wrongful death action. Plaintiff relies on internal policies and procedures to establish the standard of care, duty, and breach of duty for Counts 1-6. Internal policies and procedures do not establish the standard of care. See, Hottle v. Beech Aircraft Corp., 47 F.3d 106 (4th Cir. 1995). Plaintiff's primary claims against these defendants are based upon a contractual arrangement between the parties RRJA and RCHC. For the reasons set forth in this memorandum, this cause of action fails to state a claim for which relief can be granted.

## II.   LAW AND ARGUMENT.

### A.   Standard of review.

The court, "in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff." De Sole v. United States, 947 F. 2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Under the standard established by Ashcroft v. Iqbal, 129 S. Ct.

2

**McGavin, Boyce, Bardot, Thorsen & Katz, PC**
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

1937, 1949 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a complaint must "state a claim to relief that is plausible on its face." Id. Facts that are merely consistent with a defendant's liability are insufficient to state a plausible claim. Id.

In order to survive a Motion to Dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Philips v. Pitt County Mem. Hosp., 572 F.3d at 180 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). It is the court's obligation to "determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Andrew v. Clark, 561 F.3d 261,266 (4th Cir. 2009)) (internal quotation marks omitted).

In Twombly, the Court rejected the prior rule, set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court stated that Conley's "no set of facts" standard had "earned its retirement" and the "phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 563. Instead, the Twombly court stated that Fed. R. Civ. P. 8 requires a greater showing - a complaint must present enough facts to state an entitlement to relief that is "plausible" on its face. Id. at 570.

**B.     The Complaint violates Rule 8.**

Rule 8(a)(2) requires that the Complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further states that the pleading "must be simple, concise, and direct." In this case, the Complaint has well over 300 paragraphs, names 7 counts, covers 60 pages and essentially fails to allege any specific facts regarding the defendants

3

McGavin, Boyce, Bardot, Thorsen & Katz, PC
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

Ober or RCHC other than obligations created by a contract. Not only does the Complaint lack specific facts but because of its length, duplicity and vague allegations, it violates Rule 8(a)(2) and 8(d). Simply stated, because it violates Rule 8, is harassing in nature and lacking the necessary factual predicate in order to survive a motion to dismiss, the appropriate remedy is dismissal. See, e.g., Thousand Oaks Barrel Co. LLC v. Deep South Barrels LLC, 2016 U.S. Dist. LEXIS 189422, at *3 (E.D. Va. Aug. 30, 2016) (citing In re Westinghouse Sec. Litig., 90 F.3d 696, 703 (3d Cir. 1996); Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011); Kuehl v. FDIC, 8 F.3d 905, 906 (1st Cir. 1993); Parkridge 6 LLC v. U.S. Dep't of Transp., No. 1:09-cv-1312, 2010 WL 1404421, at *1 (E.D. Va., Apr. 6, 2010); Hammel v. State Farm Mut. Auto Ins. Co., 114 F. Supp. 2d. 478, 481-82 (W.D.N.C. 2000); Gollomp v. Spitzer, 568 F.3d 355, 368-72 (2d Cir. 2009).

RCHC is a contractor to the Rappahannock Jail and Ober is identified as signing the contract. Ober allegedly also prescribed prenatal vitamins. RCHC is part of a collective group of "Medical Defendants" who allegedly failed to provide care. However, Rule 8 requires more. There are multiple individual defendants in the mental health field, nursing field, and detention service, and the combining all of these parties together lacks the specificity needed to impose liability on RCHC or Ober. There must be an allegation of duty, breach, proximate cause and damage caused by any specific act of each defendant. The Amended Complaint is broad, conclusory and nonspecific. Notwithstanding its length, it fails to identify dates and times when Ober or any employee of RCHC committed any act or omission breaching any specific recognized duty.

McGavin, Boyce, Bardot, Thorsen & Katz, PC
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

### C.     <u>Plaintiff's allegations are insufficient regarding Ober or RCHC.</u>

This cause of action fails to allege facts and circumstances, which support a cause of action against Peter Ober or RCHC.

Ober is identified as the Managing Partner of RCHC and signed the contract with RRJ. Am. Comp. 19. In regard to any medical care that he provided there is no factual allegation that he breached the standard of care. Ober is alleged to have prescribed "prenatal tablets to take daily". Am. Com. 88. Plaintiff alleges that Ober "never provided any other care, services, or treatment related to her pregnancy". Am. Comp. 88. Plaintiff does not allege that Ober or RCHC were responsible for delivering prenatal care. In order to have an obligation to deliver care, there must be a duty. No such duty is asserted.

As to RCHC, other than Ober, none of the other named defendants are employees or agents of RCHC. There are no facts alleged that support such a claim.

Plaintiff does allege that someone scheduled Johnson for an "OBGYN appointment and prenatal checkup". Am. Comp. 108. There is no allegation the visit was set with Ober or RCHC or who scheduled the visit. There is no allegation that Ober provides or is qualified to provide prenatal care. There are no allegations RCHC provides pre-natal care. Notably, plaintiff admits that Johnson declined to be evaluated at the OBGYN appointment. Am. Comp. 108-109.

Otherwise, Amended Complaint is silent as to any care specifically provided by Ober or RCHC employees and how any of that care breached the standard of care and occurred within the statute of limitations. There is no factual basis alleged that supports the cause of action against Ober and other than prescribing prenatal tablets there is no allegation that he was in any way involved in Ms. Johnson's care at or around the time of her admission or at any time during her residence at the Jail, or on the night that she went into labor and delivered Baby Boy Johnson.

5

**McGavin, Boyce, Bardot, Thorsen & Katz, PC**
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

There is an absence of any allegation that he was called and notified of her distress or her condition and that he needed to respond to that with any referral to outside care or make any recommendations for evaluation.

Likewise, the Amended Complaint alleges no facts against any RCHC employees.

### D. Plaintiff's reliance on internal policies fails to state a claim.

Plaintiff's claims against RCHC are based upon internal policies and procedure based upon a contract and such contract fails to create the standard of care. Instead, it is an internal policy and procedure, and internal policies and procedures do not establish the standard of care. See, Hottle v. Beech Aircraft Corp, 47 F.3d 106 (4th Cir. 1995).

### E. Statute of limitations bars these claims.

These causes of action are barred by the statute of limitations. In the brief in support of the motion to dismiss submitted by the co-defendants, RRJA and others, the argument is thoroughly and completely briefed that these causes of action are barred by the statute of limitations. Rather than repeating those arguments, these defendants join the co-defendants and adopt their statute of limitation analysis as if repled herein. Therefore, this constitutes a joinder in that argument and RCHC and Ober additionally assert these causes of action are barred by the statute of limitations against them.

### F. Plaintiff broadly lumps together "Medical Defendants" without identifying who provided the care, which entity and how any standard of care was breached.

RCHC and Ober are different entities as identified in the Complaint. There is no allegation that the various nurses, officers and individuals identified herein, other than Ober are employees of RCHC. To the contrary, the nursing staff including Nurse Barbara Meade, Amanda Fisher, Laura Hedden, Helena Sangoe, Edward Adusei and "Medical Does 1-10" are all employees of

RRJA. Plaintiff alleges that they may be employed by RCHC but as is clearly indicated, the individuals identified were all employed at RRJA other than unknown "Medical Does" defendants employed by RRJA and /or RCHC. There is no allegation contained in the Amended Complaint that defendant Ober was actively providing any medical care to Johnson or Baby Boy Johnson. Further, the allegations are silent regarding how any RCHC employee was involved in such care. Plaintiff's failure to plead specifically the acts or omissions that constituted the breach of the standard of care by any RCHC employee fail to state a claim for which relief can be granted. The only properly identified RCHC employee is Ober and Ober was only identified in one paragraph having provided prenatal vitamins. Otherwise, there are no facts of sufficient particularity other than legal conclusions that any RCHC employee was actually involved in the care of Johnson or Baby Boy Johnson.

As pled, these allegations must be dismissed.

### III. CONCLUSION.

This cause of action violates Rule 8, is barred by the statute of limitations, is based upon reliance on internal policy and procedure and fails to satisfy the requirements of pleading particular facts to support a cause of action, in particular, in regard to a medical malpractice or breach of the standard of care case. The Court should dismiss this cause of action for the reasons articulated in this pleading, for reasons articulated by the co-defendant regarding the statute of limitations, which are joined by this filing and for such other reasons that shall become known either in oral argument or upon further briefing.

                                            PETER C. OBER and RAPPAHANNOCK
                                            CREATIVE HEALTH CARE
                                            By Counsel

McGavin, Boyce, Bardot, Thorsen & Katz, PC
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

McGAVIN, BOYCE, BARDOT,
 THORSEN & KATZ, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000; (703) 385-1555 Fax


  /s/ John D. McGavin                          .
John D. McGavin, Esquire
VSB Number: 021794
jmcgavin@mbbtklaw.com
Counsel for Defendants


### CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing was mailed, postage pre-paid and by email on this 5th day of January, 2024 to:

Joshua Erlich, Esq. (VSB 81298)
Katherine Lynn Herrmann, Esq.
The Erlich Law Office, PLLC
2111 Wilson Blvd., #700
Arlington, VA 22201
jerlich@erlichlawoffice.com
kherrmann@erlichlawoffice.com

Aderson Francois, Esq.
Nicole E. Molinaro, Esq.
Genevieve Mesch, Esq.
Civil Rights Clinic
Georgetown University Law Center
600 New Jersey Avenue, NW, Suite 352
Washington, D.C. 20001
Aderson.francois@georgetown.edu
Nicole.rheault@georgetown.edu
Genevieve.mesch@georgetown.edu
Pro Hac Vice Pending

Counsel for Plaintiffs

8

McGavin, Boyce, Bardot, Thorsen & Katz, PC
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555

Martin A. Conn, Esq. (VSB 39133)
Taylor D. Brewer, Esq. (VSB 82041)
Moran, Reeves & Conn, PC
1211 East Cary Street
Richmond, VA 23219
mconn@moranreevesconn.com
tbrewer@moranreevesconn.com
Counsel for Rappahannock Regional Jail Authority


Philip C. Krone, Esq., (VSB 87723)
Alexander Francuzenko, (VSB 36510)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
pkrone@cookcraig.com
alex@cookcraig.com


                                         /s/ John D. McGavin
                                         John D. McGavin

**McGavin, Boyce, Bardot, Thorsen & Katz, PC**
9990 Fairfax Boulevard, Suite 400 | Fairfax, VA 22030 | Tel: 703.385.1000 | Fax: 703.385.1555