IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEMIKA JOHNSON AND, ) <br> ESTATE OF BABY JOY JOHNSON ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RAPPAHANNOCK REGIONAL ) <br> JAIL AUTHORITY, ET AL. ) <br> ) <br> Defendants. ) | Civil Action No. 1:23-cv-01024 |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Paul Wallace ("Wallace"), Gregory Coleman ("Coleman"), Tony Coles ("Coles"), Joseph Jackson ("Jackson"), Patrick O'Connor ("O'Connor"), Terrence Shell ("Shell"), Shawn Connolly ("Connolly"), Stephenie Brown ("Brown"), Peter Teye ("Teye"), and Rappahannock Regional Jail Authority ("RRJ") (collectively "Defendants"), by counsel, hereby reply to Plaintiff's Memorandum in Opposition (ECF No. 183) to Defendants' Partial Motion to Dismiss Second Amended Complaint (ECF No 179).

**I.    The Court has the authority, and should, adjudicate all arguments in Defendants' Partial Motion to Dismiss Second Amended Complaint.**

Plaintiff requests the Court deny Defendants' Motion to Dismiss because allegedly Defendants cannot "relitigate arguments already presented to this Court" and "should not be allowed a second chance to dismiss claims that have already been addressed by this Court." *See* Plaintiff's Opposition, pp. 1, 21. However, the standard of review on a Motion to Dismiss an amended complaint is no different from the standard of review on a Motion to Dismiss an original

1

complaint. Plaintiff offers no authority suggesting otherwise, and the Court has made no rulings limiting or dictating in any way Defendants' response to Plaintiff's Second Amended Complaint.

To the extent Plaintiff attempts to assert the law of the case doctrine as a bar to the arguments in Defendants' Motion to Dismiss, such attempt fails because the law of the case doctrine does not apply here. The Fourth Circuit has held:

> The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' But it poses no bar to the assessment of past holdings based on a different procedural posture when . . . that later review expands the court's inquiry based on development of actual facts underlying a plaintiff's claims. . . . [T]he law of the case doctrine also acknowledges that *different facts* will lead to a different legal analysis to which the doctrine cannot apply.

Graves v. Lioi, 930 F.3d 307, 318 (4th Cir. 2019) (emphasis added). In other words, "denials of motions to dismiss[ ] remain open to trial court reconsideration, and do not constitute the law of the case." Plotkin v. Lehman, No. 98-1638, 178 F.3d 1285 (4th Cir. 1999). Here, there is no "rule of law" being circumvented. Following the hearing on Defendants' first Motion to Dismiss, on March 22, 2024, the Court entered an Order (ECF No. 175), dismissing certain defendants and claims and specifying on which claims the instant Defendants would remain in the case. *See* ECF No. 175. The Order allows Plaintiff to file a "second and final Amended Complaint," and does not constrain Defendants' response. Unsurprisingly, the Second Amended Complaint adds and amplifies facts against these Defendants, which these Defendants are entitled to address in their Partial Motion to Dismiss. Moreover, the Partial Motion to Dismiss in no way violates the Court's March 22, 2024 Order and in no way ignores any law of the case.

Even if the Court finds that the law of the case applies here, the doctrine still does not prevent the Court from considering Defendants' Motion to Dismiss. The law of the case doctrine does not "limit the court's power" to review dismissal of various claims during the first round of

responsive pleadings. Castro v. United States, 540 U.S. 375, 384, 124 S. Ct. 786 (2003). It is well established that the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided and is not a limit to their power." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 108 S. Ct. 2166 (1988) (internal citations and quotations omitted). "A court [therefore] has the power to revisit prior decisions of its own or of a coordinate court in any circumstance. " *Id.*

Therefore, this Court should apply the same standard of review to Defendants' Motion to Dismiss Second Amended Complaint, as to any motion to dismiss. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Plaintiff must present "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Id*. at 555. In other words, Plaintiff must allege facts sufficient to state all the elements of her claim, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id. See also* Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

## II.  Conclusion.

For these reasons and those set forth in their Memorandum of Law in Support of Motion to Dismiss, Defendants respectfully request this Court dismiss Claims II, III, IV, and V of Plaintiff's Second Amended Complaint.

Dated: May 24, 2024

                               **RAPPAHANNOCK REGIONAL JAIL**
                               **AUTHORITY, PETER TEYE, SHAWN CONNOLLY,**
                               **STEPHENIE BROWN, GREGORY COLEMAN,**
                               **TERRENCE SHELL, PAUL WALLACE, JOSEPH**

**JACKSON, PATRICK O'CONNOR, TONY COLES**

/s/ Martin A. Conn_____
Martin A. Conn (VSB No. 39133)
Taylor D. Brewer (VSB No. 82041)
Rebecca A. Roberts (VSB No. 99542)
**MORAN REEVES & CONN PC**
1211 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 864-4805
Facsimile: (804) 421-6251
tbrewer@moranreevesconn.com
mconn@moranreevesconn.com
rroberts@moranreevesconn.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of May, 2024, I electronically filed the foregoing pleading using the CM/ECF System, which will send notifications of the filing to all counsel of record:

>Joshua Erlich, Esq. (VSB No. 81298)
>Katherine L. Herrmann, Esq. (VSB No. 83203)
>**The Erlich Law Office, PLLC**
>1550 Wilson Blvd. #700
>Arlington, VA 22209
>Telephone (703) 791-9087
>Facsimile: (703) 722-9292
>jerlich@erlichlawoffice.com
>kherrmann@erlichlawofice.com
>*Counsel for Plaintiff*
>
>Nicole M. Rheault (D.C. Bar No. 1780028) (*pro hac vice*)
>Aderson Francois (D.C. Bar No. 498544) (*pro hac vice*)
>Genevieve Mesch (D.C. Bar No. 90008005) (*pro hac vice*)
>**CIVIL RIGHTS CLINIC**
>**GEORGETOWN UNIVERSITY LAW CENTER**
>600 New Jersey Avenue NW, Suite 352
>Washington, DC 20001
>Phone: (202) 661-6506
>Nicole.Rheault@georgetown.edu
>Aderson.Francois@georgetown.edu
>Genevieve.Mesch@georgetown.edu
>*Counsel for Plaintiff*

>/s/ Martin A. Conn_____
>Martin A. Conn, Esq. (VSB No. 39133)
>Taylor D. Brewer, Esq. (VSB No. 82041)
>Rebecca A. Roberts, Esq. (VSB No. 99524)
>**MORAN REEVES & CONN PC**
>1211 East Cary Street
>Richmond, Virginia 23219
>(804) 864-4805 – Telephone
>(804) 421-6251 – Facsimile
>mconn@moranreevesconn.com
>tbrewer@moranreevesconn.com
>rroberts@moranreevesconn.com
>*Counsel for Defendants*